**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SOUTHERN POVERTY LAW CENTER *et al.*,

   *Plaintiffs*,

 v.

INTERNAL REVENUE SERVICE,

   *Defendant*.

Civil Action No. 19-2501 (TJK)

**MEMORANDUM OPINION**

The Southern Poverty Law Center and National Immigration Law Center submitted a request under the Freedom of Information Act, or FOIA, seeking records related to the Internal Revenue Service's criminal investigation of a taxpayer. After the IRS refused to produce the records, they sued. The IRS moved for summary judgment, arguing that the law prohibits it from disclosing the requested records. Plaintiffs cross-moved for summary judgment, arguing that they are entitled to the records under FOIA because they are already in the public domain and because disclosure is not otherwise prohibited by law. For the reasons explained below, the Court will grant the IRS's motion and deny Plaintiffs', because the relevant statutes prohibit disclosure of the requested records under FOIA.

**I. Background**

In April 2018, a federal law enforcement task force executed a search warrant at a slaughterhouse in Tennessee as part of an IRS-led criminal investigation into the owner's possible violations of the tax code. Law enforcement officers seized evidence at the slaughterhouse and arrested

employees who were allegedly not lawfully present in the United States.  In February 2019, Plain-

tiffs filed a suit on behalf of employees of the slaughterhouse against various law enforcement

officers involved in the execution of the search warrant ("*Bivens* suit").[1]

A few months later, Plaintiffs submitted a FOIA request to the IRS.  Plaintiffs requested 8

categories of documents:

> (1) All records related to the planning and carrying out of the
> worksite operation conducted at Southeastern Provision LLC in
> Bean Station, Tennessee on April 5, 2018, including but not limited
> to:
>> a. Enforcement Action Review Form (EARF);
>> b. Risk Assessment Guide;
>> c. Search Warrant Checklist;
>> d. Search Warrant Plan;
>
> (2) All communications between the IRS and any Tennessee state or
> local governmental agency or Tennessee state or local law enforce-
> ment agencies, including but not limited to the Tennessee Highway
> Patrol and the Morristown Police Department, related to the
> worksite enforcement operation conducted at Southeastern Provi-
> sion LLC;
>
> (3) All communications between the IRS and the Department of
> Homeland Security or its component agencies (including Immigra-
> tion and Customs Enforcement, Homeland Security Investigations,
> and Customs and Border Protection) related to the worksite enforce-
> ment operation conducted at Southeastern Provision LLC;
>
> (4) All communications, not concerning tax returns or tax return in-
> formation, between the IRS and individuals associated with South-
> eastern Provision LLC, including managers, supervisors, employees
> and/ or agents;
>
> (5) Copies of all photographs taken during the worksite enforcement
> operation conducted at Southeastern Provision LLC;
>
> (6) Copies of all administrative and/or criminal warrants issued and
> served on an agent of Southeastern Provision LLC related to the
> worksite enforcement operation, including but not limited to, In re

---

[1] The *Bivens* suit in the Eastern District of Tennessee is docketed as *Zelaya v. Hammer*, 3:19-cv-00062.

the search of: 1617 Helton Road, Bean Station, TN 37708 (E.D. Tenn. Apr 2, 2018);

(7) The identities of all IRS personnel involved in the planning of and/or physically present during the worksite enforcement operation at Southeastern Provision LLC, including, but not limited to:
     a. Full name;
     b. Rank or official title; and
     c. Office location; and

(8) All FOIA Search Staffing Sheets related to the instant FOIA request.

ECF No. 1-1 at 2–3. The IRS responded that it would not process Plaintiffs' request because it sought information barred by 26 U.S.C. § 6103(a) without the relevant taxpayer's authorization, and that it did not maintain "FOIA Search Staffing Sheets."[2] In August 2019, after the IRS denied Plaintiffs' administrative appeal, Plaintiffs filed this suit seeking an order compelling disclosure of the requested records and an accompanying index explaining any withholdings. ECF No. 1 at 14.

A few months later, Plaintiffs served the IRS with a subpoena in the *Bivens* suit seeking the same documents.[3] The IRS identified the following records responsive to the subpoena: 1,500 pages of grand jury material; 1,032 pages of non-grand jury material; 521 photographs; 5 video files; and 4 external hard drives containing video footage. Eventually, the IRS produced some of these responsive records, but it withheld others. ECF No. 25-2.

The IRS now moves for summary judgment, arguing that the requested records are exempt from disclosure under FOIA because 26 U.S.C. § 6103(a) prohibits their disclosure. ECF

---

[2] The IRS contacted the "taxpayer(s)" to inquire if they authorized Plaintiffs to access the requested records. In January 2020, the "taxpayer(s)" informed the IRS that they did not provide such authorization. *See* ECF No. 24-3 ¶¶ 34–36.

[3] The parties agree that the subpoena in the *Bivens* suit and the FOIA request sought the same information in all material respects for purposes of this case. *See* ECF No. 26-1 ¶ 37.

No. 24.  Plaintiffs oppose and cross-move for summary judgment.  They argue that the records do not fall under the purview of § 6103(a) and even if they did, the IRS must disclose them because they are already in the public domain through their production in the *Bivens* suit and through the plea in the related criminal case.  ECF No. 25.

## II.      Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor."  *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).  Although courts do not make credibility determinations, "[o]nly disputes over facts that might affect the outcome" of the suit can "preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

FOIA cases are "typically and appropriately" decided on motions for summary judgment.  *Laverpool v. Dep't of Hous. and Urb. Dev.*, 315 F. Supp. 3d 388, 390 (D.D.C. 2018).   Agencies generally bear the burden of proof in FOIA cases, and a court may rely on an agency's affidavits or declarations provided that they "describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Id.* (quoting *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).

### III.    Analysis

"FOIA requires federal agencies to make records promptly available when a requester files a request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules.  *See* 5 U.S.C. § 552(a)(3)(A).  But an agency need not produce records that fall within one of nine exemptions . . . To withhold records, then, the agency must establish that an exemption applies and, for mixed requests, must still disclose all reasonably segregable, non-exempt portions of the requested record(s)."  *Elec. Privacy Info. Ctr.* (*EPIC*) *v. IRS*, 910 F.3d 1232, 1236–37 (D.C. Cir. 2018) (cleaned up).

The IRS contends that it is entitled to summary judgment because the records at issue fall within Exemption 3, "which allows an agency to withhold records 'specifically exempted from disclosure by statute' if the statute meets certain criteria."  *EPIC*, 910 F.3d at 1237 (quoting 5 U.S.C. § 552(b)(3)).  It cites 26 U.S.C. § 6103(a), which bars the disclosure of tax "return information" without the written consent of the taxpayer.  The statute defines "return information" to include, among other things:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2)(A).  The D.C. Circuit has characterized "the relationship between § 6103(a) and FOIA as entirely harmonious" and that return information barred from disclosure under § 6103(a) is exempt from FOIA, absent a showing that one of the thirteen exceptions to § 6103(a) applies.  *EPIC*, 910 F.3d at 1237 (internal quotation marks omitted).  Thus, if the Court

determines that the requested records fall under § 6103(a), Plaintiffs cannot obtain the requested

records under FOIA absent a successful invocation of an exception to the disclosure bar.[4]

The IRS argues that the requested materials are return information because they are "other

data" collected or prepared in connection with its investigation into potential tax crimes at the

Tennessee slaughterhouse.  The Court agrees.  As always, the Court begins with the statute's text.

*See Eagle Pharms., Inc. v. Azar*, 952 F.3d 323, 330 (D.C. Cir. 2020).  Return information includes

"any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary

with respect to a return or with respect to the determination of the existence, or possible existence,

of liability (or the amount thereof) of any person under this title for any tax, penalty, interest fine,

forfeiture, or other imposition, or offense."  26 U.S.C. § 6103(b)(2)(A).  The D.C. Circuit has

described this provision as "deliberately sweeping" and "reach[ing] far beyond what the phrase

'return information' would normally conjure up."  *Landmark Legal Found. v. IRS*, 267 F.3d 1132,

---

[4] The parties also dispute whether the affidavits the IRS submitted with its motion are detailed
enough for the Court to grant summary judgment.  They are.  The IRS submitted, among other
things, affidavits of two attorneys who reviewed material responsive to the FOIA request.  A
member of the IRS's criminal investigations unit (Richard Nelson) reviewed the grand jury ma-
terial under the limitations of Federal Rule of Criminal Procedure 6(e) and explained that the ma-
terial consisted of records from financial institutions associated with the related criminal investi-
gation.  ECF No. 24-4 ¶ 21.  IRS attorney Andrew Keaton reviewed the remaining material.  He
explained that the responsive material can be placed into seven categories:  interview memo-
randa; fact sheets and checklists; the third-party's tax returns and associated transcripts; law en-
forcement documents and search warrant plans; emails between the IRS and other law enforce-
ment agencies; photographs collected during the investigation; and hard drives containing video
evidence.  ECF No. 24-3 ¶ 37.  Keaton also stated that these records were "received by or fur-
nished to the IRS" pursuant the IRS's investigation into alleged violations of the tax code.  *Id.* ¶
38.  Nothing more is needed from the IRS for the Court to determine whether these documents
fall within the purview of § 6103(a).  The affidavits describe the withheld documents with "rea-
sonably specific detail," and the Court can therefore rely on them to assess if the records fall un-
der § 6103(a)'s disclosure bar.  *Am. Ctr. for Law and Just. v. U.S. Dep't of State*, 289 F. Supp. 3d
81, 86 (D.D.C. 2018) (internal quotation marks omitted).  Because the Court must decide
whether Plaintiffs requested return information that must be withheld in full, *see Church of Sci-
entology of Cal. v.* IRS, 792 F.2d 146, 152 (D.C. Cir. 1986), the affiants' detailed descriptions of
the document categories are sufficient.

1136, 1138 (D.C. Cir. 2001).  Nor need documents specifically "identify a particular taxpayer" to

be return information, *Church of Scientology of Cal. v. IRS*, 484 U.S. 9, 15 (1987); they need only

be "taxpayer-specific."  *Tax Analysts v. IRS*, 117 F.3d 607, 614 (D.C. Cir. 1997).

The documents Plaintiffs seek in requests one through seven—interview memoranda, law

enforcement documents, communications between law enforcement agencies, and investigation

photographs and videos—were records "prepared," "furnished," or "collected" in connection with

the IRS's criminal investigation of the Tennessee slaughterhouse.  And that investigation was an

effort by the IRS to determine the "existence, or possible existence, of liability . . . under [Title

26]" on the part of a third-party taxpayer.  Thus, the records qualify as "return information" under

the statute.  At bottom, Plaintiffs—without the consent of the taxpayer—seek confidential, tax-

payer-specific records related to the taxpayer's alleged criminal liability under the tax code.

This conclusion tracks other courts' broad interpretation of "return information," although

in slightly different contexts.  The D.C. Circuit has held that when an agency requests from an

employer tax information belonging to employees, the employer's identity is return information.

*See Jud. Watch, Inc. v. Soc. Sec. Admin.*, 701 F.3d 379, 380 (D.C. Cir. 2012).  Another court has

held that a government agency's *request* for tax return information is itself return information.  *See*

*Cause of Action v. IRS*, 125 F. Supp. 3d 145, 165 (D.D.C. 2015).  Likewise, courts have determined

that return information encompasses documents identifying a whistleblower who lodged concerns

about a taxpayer.  *See Landmark Legal Found.*, 267 F.3d at 1135; *Nosal v. IRS*, 523 F. Supp. 3d

72, 79 (D.D.C. 2021); *Jud. Watch v. Rossotti*, 285 F. Supp. 2d 17, 29 (D.D.C. 2003).  If return

information includes this kind of information related to non-taxpayers—employers, government

agencies, and whistleblowers—it surely includes records like the ones at issue here that relate to

the execution of a search warrant at a facility owned by a specific taxpayer.[5]  After all, the "core

purpose" of § 6103(a) is "protecting taxpayer privacy."  *Tax Analysts*, 117 F.3d at 615.

Next is whether Plaintiffs can circumvent the bar on disclosure imposed by Exemption 3

and § 6103(a).[6]  They cannot.  Plaintiffs first argue that the IRS has "waived" protections under

FOIA and § 6103(a) because the IRS disclosed much of the requested material during discovery

in the *Bivens* suit and "broadcast" some of the material in connection with a plea agreement in the

criminal case that flowed from its investigation.  ECF No. 25 at 18–20.  Not so.

Under the public-domain doctrine, records exempt from disclosure under FOIA "lose their

protective cloak once disclosed and preserved in a permanent public record."  *Cottone v. Reno*,

193 F.3d 550, 554 (D.C. Cir. 1999).  To establish that records are in the public domain, Plaintiffs

must show that the requested information is as specific as the information previously disclosed, it

matches the information previously released, and it has been made public through an official and

documented disclosure by the government.  *See Bartko v. U.S. Dep't of Just.*, 167 F. Supp. 3d 55,

71 (D.D.C. 2016).  Plaintiffs have failed to do so.  To begin with, the IRS's production of docu-

ments to Plaintiffs in the *Bivens* suit was not a public disclosure of that material, and no case

suggests otherwise.  As courts in this district have repeatedly held, the government's production

of documents to private parties during discovery does not place them in the public domain for

---

[5] That Plaintiffs' FOIA request states that they do not seek "return information" is of no moment. *See* ECF No. 24-6 at 2.  The FOIA request reflects specific documents, and for the reasons ex-plained above, those documents are "return information" under the statute.

[6] To the extent Plaintiffs argue that the IRS had to produce responsive documents with redactions, they are wrong.  Typically, an agency must produce non-exempt material which is "reasonably segregable" from exempt material.  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 174 & n.9 (1991). But here, the documents in their entirety are return information, and such documents cannot be segregated even if taxpayers' names are redacted.  *See Church of Scientology*, 484 U.S. at 18. Absent an exception to § 6103(a) permitting disclosure, the documents in requests one through seven cannot be disclosed, and therefore the IRS need not review them for redactions.

FOIA purposes. *See, e.g.*, *Ewell v. U.S. Dep't of Just.*, 153 F. Supp. 3d 294, 306 (D.D.C. 2016) (citing *Cottone*, 193 F.3d at 556). And Plaintiffs' efforts to turn around and make those documents public does not do so, either. *See Am. Civ. Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 620–22 (D.C. Cir. 2011) (holding that documents must have been made public through an "official and documented disclosure by the government").

Likewise, Plaintiffs have not shown that the IRS placed any of the requested records in the public domain in connection with the plea agreement in the related criminal case. Plaintiffs point to public statements made by the Department of Justice, not the IRS, which is insufficient here. *See Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999) (holding that official disclosure must be from "agency from which the information is being sought"). But in any event, Plaintiffs have failed to "identify the specific information or exact portions of a specific document" that they contend "are now in the public domain." *Bartko*, 167 F. Supp. 3d at 72. That some information about the taxpayer's conduct is publicly available in connection with a plea agreement on the public docket, without more, is not nearly enough to strip § 6103(a) protections from the records at issue here.

Next, Plaintiffs argue that they may obtain the records through an exception to § 6103(a), which provides that return information, in certain circumstances, "may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration." 26 U.S.C. § 6103(h)(4). And, they say, the IRS should be "judicially estopped" from arguing the exception does not apply because it cited the exception when disclosing documents in the *Bivens* suit. ECF No. 25 at 15–18. Plaintiffs are wrong on both counts.

First, the exception does not require the IRS to disclose records here. Even putting aside that the exception does not *mandate* disclosure by the IRS, this FOIA case does not "pertain[] to

tax administration."  26 U.S.C. § 6103(h)(4).  The statute defines "tax administration" as the "ad-

ministration, management, conduct, direction, and supervision of the execution and application of

the internal revenue laws or related statues."  *Id.* § 6103(b)(4).  And a FOIA suit does not pertain

to tax administration, as other courts have held.  *See, e.g.*, *Am. Marine, LLC v. IRS,* 15-cv-4555,

2018 WL 6062349, at *7 (S.D. Cal. Nov. 20, 2018); *Greenberger v. IRS*, 283 F. Supp. 3d 1354,

1371 (N.D. Ga. 2017); *Safeway, Inc. v. IRS*, No. 05-3182, 2006 WL 3041079, at *7–8 (N.D. Cal.

Oct. 24, 2006).  True, this suit seeks tax records.  But if a FOIA plaintiff could force the IRS to

disclose records otherwise covered by § 6103(a) using this exception, then § 6103(a) would have

no force, and the two statutes would hardly be "entirely harmonious."  *EPIC*, 910 F.3d at 1237.

Nor should the IRS be "judicially estopped" from arguing that the exception does not apply

in this suit.  For starters, the IRS's invocation of § 6103(h)(4) in the *Bivens* suit is not necessarily

inconsistent with its decision not to do so here, given the different nature of the actions.  But in

any case, although the IRS cited § 6103(h)(4) in its response to Plaintiffs' subpoena, it never had

to litigate the issue before a court.  Thus, there is no basis to judicially estop the IRS from taking

a different position on its applicability now.  *See New Hampshire v. Maine*, 532 U.S. 742, 750

(2001) (holding that judicial estoppel may be appropriate where the two positions are "clearly

inconsistent" and the party has "succeeded in persuading a court to adopt [its] earlier position").

For all these reasons, Plaintiffs are not entitled to the documents described in Plaintiffs'

requests one through seven.

Request eight remains.  There, Plaintiffs seek "FOIA Search Staffing Sheets" related to

their request.[7]  The IRS explains that it does not keep "staffing sheets" as a matter of course.  *See*

---

[7] Because the records reflected in requests one through seven are non-disclosable return infor-
mation and otherwise not obtainable under FOIA, the Court need not reach the question of

10

ECF No. 24-3 ¶ 23.  Under FOIA, Plaintiffs are only entitled to records that the agency is "in control of the requested materials at the time the FOIA request is made."  *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 145 (1989).  Even if the IRS maintained something comparable to "FOIA search staffing sheets," it explains that it would create such a document after a FOIA request is lodged.  *See* ECF No. 24-3 ¶ 23.  Thus, the IRS need not produce records responsive to request eight because it would not be in "control" of such records at the time of Plaintiffs' request.  *See Jud. Watch, Inc. v. U.S. Secret Service*, 726 F.3d 208, 217 (D.C. Cir. 2013).

## IV.    Conclusion

For all the above reasons, the Court will grant the IRS's Motion for Summary Judgment, ECF No. 24, and deny Plaintiffs' Cross-Motion for Summary Judgment, ECF No. 25.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 9, 2022

---

whether the IRS waived its ability to assert other exemptions to FOIA, *see* ECF No. 24-1 at 12, under *Maydak v. U.S. Dep't of Just.*, 218 F.3d 760 (D.C. Cir. 2000).